

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<small>*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*</small>

April 8, 2019

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>United States v. Lewis Stahl</u>
              **18 Cr. 694 (RA)**

Dear Judge Abrams:

    The Government respectfully submits this letter in response to the First Amended Motion for Reconsideration of Sentencing (the "Motion") filed by defendant Lewis Stahl ("Stahl" or "the defendant"), and in advance of the hearing scheduled for April 9, 2019 at 1 pm. On March 26, 2019, this Court sentenced the defendant to a below-Guidelines term of 30 months' imprisonment. The defendant now argues that reconsideration of that sentence is warranted, on the grounds that he was not given "a meaningful opportunity to discuss" at sentencing a printout obtained by the Court from the United States Sentencing Commission (the "Sentencing Commission Printout"). (*See* Mot. at 2.) For the reasons set forth below, the defendant's Motion should be denied.

    *First*, although the defendant brings his Motion pursuant to Federal Rule of Criminal Procedure 35(a), Rule 35(a) is plainly inapplicable here. Rule 35(a) provides that, within fourteen days of sentencing, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). This rule "is intended to be very narrow and to extend only to those cases in which an obvious mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." *United States v. Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995) (quoting Fed. R. Crim. P. 35 Advisory Committee's Note). Importantly, the rule is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *Id.* Moreover, the rule should not be used "to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *Id.* at 72-73, 76 (holding that the district court improperly resentenced the defendant beyond the court's limited authority to do so under the scope of Rule 35(c), which was the former denomination of Rule 35(a)); *see also United States v. Goddard*, No. 17 Cr. 439 (LAP), 2018 WL 4440503, at *1 (S.D.N.Y. Sept. 17, 2018) (holding that defense motion challenging the court's application of the sentencing guidelines was improperly brought under Rule 35(a));

*United States v. Eberhard*, No. 03 Cr. 562 (RWS), 2005 WL 2172031, at *2 (S.D.N.Y. Sept. 8, 2005) (holding that defense's reliance on Rule 35(a) was misplaced, because "Rule 35(a) does not authorize a sentencing court to reconsider either the facts or the sentencing guidelines underlying its originally imposed sentence. The only sentences that may be corrected are those that are 'illegal' or that result from 'an incorrect application of the guidelines.'"); *cf United States v. Rosner*, 549 F.2d 259 (2d Cir. 1977) (cited by the defense) (addressing remand of a sentence in a non-Rule 35(a) context).

Here, the defendant's alleged inability to make arguments about the Sentencing Commission Printout is not "clear error" of the type contemplated by Rule 35(a). It did not result in an "obvious mistake" in the defendant's sentence, *see Cabrera*, 64 F.3d at 72, nor did it result in an "illegal" sentence or a sentence that involved "an incorrect application of the guidelines," *see Eberhard*, 2005 WL 2172031, at *2. The Sentencing Commission Printout is a one-page document that was presented to the parties by the Court during the course of the sentencing. As the Court noted during the sentencing, it "really only has a very limited amount of information, so it's not that helpful, but it indicates that 21 percent of the time, a sentence was imposed within the guidelines range for this particular level and this particular guideline provision, 2T1.1." (Sentencing Tr. at 50.) The Sentencing Commission Printout was therefore only one factor that the Court took into consideration at sentencing, along with the sentencing charts provided by counsel for both sides, and the numerous other arguments made by the parties. (*See id.*) The Court appropriately considered the advisory Sentencing Guidelines range of 37 to 46 months imprisonment, as well as the Section 3553(a) factors, including the nature and circumstances of the offense, the personal history and characteristics of the defendant, and the need to promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct. (*See id.* at 47-48.) In so doing, the Court arrived at a below-Guidelines sentence of 30 months' imprisonment. The defendant, through his Motion, now seeks to argue that a sentence of 21 months or less would be more in line with the data that appears in the Sentencing Commission Printout. The defendant is thus asking the Court to reconsider the facts that led it to impose its sentence, and the size of the variance that it made from the advisory Sentencing Guidelines range, neither of which is permissible under Rule 35(a).[1]

*Second*, even if the Motion were appropriate under Rule 35(a), the Motion would still fail because – contrary to his assertions – the defendant had ample opportunity to make arguments about the Sentencing Commission Printout. The Sentencing Commission Printout was presented to the parties towards the beginning of defense counsel's oral argument at the sentencing proceeding. (*See* Sentencing Tr. at 19-20.) After receiving a copy of the printout, the defense could have asked for time to review it, or even for an adjournment to have a chance to study it and respond to it in writing. *See, e.g.*, *Rosner*, 549 F.2d at 261 (remanding case for resentencing where defense counsel had requested an adjournment so he might have an opportunity to respond to prosecutor's memorandum, and the adjournment request was denied by the court). Indeed, the

---

[1] The defendant's request is also barred by the terms of his plea agreement with the Government, under which he waived his right to challenge a sentence within or below the advisory Guidelines range of 37 to 46 months' imprisonment. *See Goddard*, 2018 WL 4440503, at *1 (finding that the defendant's motion, in addition to being improperly brought under Rule 35(a), was "barred by the terms of the plea agreement").

Court in this case invited defense counsel to "take a minute and look at [the printout]," if the defense wished to do so. (*See* Sentencing Tr. at 20.) But the defense opted, instead, to continue with the proceeding and to focus on other sentencing arguments, particularly the personal history and the characteristics of the defendant. (*See id.* at 21-44.) Accordingly, for the defense now to complain that they "did not have a meaningful opportunity to discuss this printout" (*cf.* Mot. at 2) is simply factually inaccurate. Rather, for understandable strategic reasons – including, presumably, the fact that the defense was advocating for a term of probation – the defense chose not to discuss the Sentencing Commission Printout, and to make other arguments instead. Now, following the completion of the sentencing proceeding and the imposition of a 30-month sentence, the defendant has thought of a new argument, namely, that a 21-month sentence would be more appropriate, in light of the data in the printout. He is attempting to use that new argument to relitigate the sentence that the Court has already imposed. This tactic is improper and should not be allowed.

*Finally*, even if the defendant's attempt to relitigate the sentencing were proper, which it is not, the new argument that he proposes should be rejected on its merits. The defendant purportedly wishes to argue that "in light of the Judge's oral findings regarding the Defendant's non-criminal and charitable background, a sentence not in excess of the average would be more appropriate than a sentence exceeding the average by 9 months." (*See* Mot. at 3.) That argument, however, misses the mark. Prior to the sentencing, the Government submitted a chart of sentences in other recent tax cases to illustrate the point that "similar sentences have been meted out in cases involving comparable long-running criminal conduct." (*See* Govt. Sentencing Mem. at 14.) The Government's chart included, as a point of comparison, descriptions of the conduct involved in each of the comparable cases. The defense, in response, also submitted a chart, in which it highlighted cases that it contended involved comparable conduct, along with a cover letter in which it discussed the facts of two of those cases. (*See* Def. Letter of Mar. 22, 2019 at 1-2.) The Sentencing Commission Printout, however, contains no facts about the nature of the conduct involved in any of the 19 cases that it lists. There is, accordingly, simply no practical way to compare the conduct in those 19 cases to the conduct of the defendant in this case, or to weigh it against the personal history and characteristics of the defendant. As a result, there is no factual basis for the defense's suggested conclusion that "a sentence not in excess of the average would be more appropriate" here.

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

                                 By:  ___/s/ Sarah Paul_____
                                      Sarah E. Paul
                                      Assistant United States Attorney
                                      (212) 637-2326

cc:      Susan Kellman, Esq. (by ECF)
           Patricia Pileggi, Esq. (by ECF)