|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 4-21-20 |

UNITED STATES OF AMERICA,

v.

LEWIS STAHL,

               Defendant.

No. 18-cr-694 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

       The Court is in receipt of the Government's letter indicating that, in light of "new guidance" just issued to the Bureau of Prisons ("BOP") by the Department of Justice ("DOJ"), the BOP now anticipates that Mr. Stahl is no longer eligible for home confinement or a furlough. Given the fact that the Government previously informed the Court that the BOP had already approved Mr. Stahl's request for home confinement, and the U.S. Probation Offices in both the Southern District of New York and the Southern District of Florida had already approved his relocation request, the Government is hereby directed to provide the Court with an explanation from the BOP, including by way of affidavit from the appropriate representative, as to how the new DOJ guidance can affect these prior decisions. The Government shall do so no later than 5:00 p.m. on Wednesday, April 22, 2020. The Government shall also file a copy of the new DOJ guidance on the docket by that time. If it still does not have a copy of the new DOJ guidance by 5:00 p.m. on April 22nd, it shall provide the Court with additional details about the guidance including when it went into effect and who it applies to, as well as when it will be submitted to the Court.

Additionally, the Court notes that to the extent he has not already done so, Mr. Stahl will have satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) by April 23, 2020, i.e., 30 days after Mr. Stahl submitted his March 23, 2020 "Emergency Request for Coronavirus (COVID-19) Quarantine to Home Confinement."[1]  *See* Dkt. 50-2.  Indeed, the Government previously appeared to acknowledge as much when it indicated that the BOP was "diligently working to review and respond to [Mr. Stahl's internal] requests by April 23."  *See* Dkt. 51 at 1.  Accordingly, to the extent the BOP does not intend to release Mr. Stahl as it previously committed to do, it shall decide whether to grant him compassionate release in light of his health conditions and COVID-19 no later than April 23, 2020.

Finally, Mr. Stahl shall advise the Court as soon as possible, whether, if the Court were to grant his compassionate release motion, he would have any objection to the addition of a new condition of his supervised release, namely that eighteen (18) months of that supervised release term be served on home detention.  If he has no objection, he shall promptly provide his consent to such additional condition of supervised release in writing to the Court.

SO ORDERED.

Dated:   April 21, 2020
         New York, New York

Ronnie Abrams
United States District Judge

---

[1] In light of this, the Court need not decide whether § 3582's exhaustion requirement can be waived—an issue on which the courts in this District are divided.  *Compare United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020) *and United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *6-7 (S.D.N.Y. Apr. 14, 2020), *with United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).