

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

| 212.484.3900 | **MAIN** |
| 212.484.3990 | **FAX** |

afslaw.com

May 3, 2023

VIA ECF

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, N.Y. 10007

**Patricia A. Pileggi**
Partner
212.745.0839   **DIRECT**
patricia.pileggi@afslaw.com

Application granted.

SO ORDERED.

_[signature]_

Ronnie Abrams, U.S.D.J.
May 5, 2023

Re: United States v. Lewis Stahl
   <u>18 CR 694 (RA)</u>

Dear Judge Abrams:

    This letter is written to request that the Court terminate Lewis Stahl's supervised release. Mr. Stahl has completed 18 months of supervised release and has no need for supervision or training.  Mr. Stahl is employed full time as the CEO of DxWeb which develops and sells medical software applications.  In addition to his responsibilities at DxWeb, Mr. Stahl has committed substantial time and resources supporting first responders in Broward County and charitable organizations in Broward County.  He has paid all of his restitution and his fine. Termination of supervised release is warranted by the conduct of the defendant and the interest of justice.

    Probation Officer Tania Granston, Southern District of Florida, does not object to this application. Assistant U.S. Attorney Olga Zverovich defers to the position of Probation Officer Granston.

## Procedural Background

    In April 2016, shortly after the commencement of the Internal Revenue Service investigation, counsel for Mr. Stahl informed the Internal Revenue Service that he wished to participate in the U.S. Department of Justice's Expedited Plea program. Mr. Stahl cooperated fully with the Internal Revenue Service, providing agents with schedules prepared by his accountants of unreported income and taxes and proposed tax returns reflecting his unreported income and tax liability. On September 25, 2018, Lewis voluntarily surrendered, waived indictment and pled guilty to a felony information charging him with one count of tax evasion, for the years 2010 through 2014, in violation of 26 U.S.C. § 7201. Mr. Stahl paid all outstanding tax liabilities arising out of the criminal charge as of December 7, 2018.  Since that time, Mr. Stahl has filed all of his tax returns and paid all of his taxes in a timely manner.

**Smart In
Your World®**



Honorable Ronnie Abrams
May 3, 2023
Page 2

On April 19, 2019, this Court imposed a term of imprisonment of 30 months, a term of supervised release of three years, and a fine of $75,000.  The fine has been paid.

On April 24, 2020, during the early stages of the pandemic, the Bureau of Prisons approved Mr. Stahl for home confinement in light of his age, health conditions, the facts underlying his offense, and an assessment of whether he posed a danger to his community.  While on home confinement, between April 24, 2020 and October 22, 2021, Mr. Stahl was supervised by the Salvation Army Residential Reentry Center in West Palm Beach.  Since completing his home confinement, Mr. Stahl has been on supervised in the Southern District of Florida.  Mr. Stahl has complied with all of the conditions of his supervised release.

### Personal and Professional Life While Under Supervised Release

Mr. Stahl continues to be the C.E.O. of DxWeb which develops and sells medical software applications which are used for electronic prescribing, viewing patient information, and billing.  DxWeb employs 27 individuals, including in-house developers, software engineers, marketing and sales staff and customer support personnel.

In addition to his responsibilities at DxWeb, Mr. Stahl continues to devote a substantial amount of time to charitable activities.  Some examples of Mr. Stahl's extraordinary generosity are discussed below.

### Support for First Responders

Mr. Stahl is the Co-Chairman of the Broward Sheriff's Advisory Council ("BSAC").  *See* https://www.browardsheriffsadvisorycouncil.com/board-of-directors.  This organization provides financial support to the families of Broward County's first responders who have been killed or permanently disabled in the line of duty.  This organization also provides funds for resources that first responders need to safely fulfill their daily duties.  Mr. Stahl was involved in the formation of a scholarship fund for the children of first responders.  As co-chairman, Mr. Stahl has hosted many events honoring First Responders in Broward and Martin County in Florida.  In November of 2021 and 2022, Mr. Stahl hosted a Tribute to Bravery to honor First Responders, military personnel and their families.  See https://www.prnewswire.com/news-releases/broward-sheriffs-advisory-council-hosted-tribute-to-bravery-bbq-to-honor-medal-of-valor-recipients-first-responders-and-families-301728263.html

The BSAC also develops programs that promote a positive relationship between Broward County citizens and first responders such as the annual Turkey Giveaway.  *See* https://www.sheriff.org/PIO/BSONews/Pages/BROWARD-SHERIFF%E2%80%99S-OFFICE-



SHARING--THANKSGIVING-MEALS-WITH-OTHERS.aspx.  Mr. Stahl heads and finances the committee that provides turkeys, produce, pies and other items for a Thanksgiving meal to families in need.  During 2022, 1500 turkeys were given away to families.

### Support for Children in Need

During 2021 and 2022, through Las Olas Chabad, Mr. Stahl funded and personally distributed backpacks to school children in need.  During 2021, 2500 backpacks were distributed to school children in need.  *See* https://www.jewishfl.org/templates/photogallery_cdo/aid/5226466/jewish/Backpack-Distribution-2021.htm.  During 2022, Mr. Stahl again funded and distributed backpacks filled with school supplies to Fort Lauderdale's neediest school children and to a school for autistic children in Opa-locka.  *See* https://www.jewishfl.org/templates/photogallery_cdo/aid/5641834/jewish/Backpack-Distribution-2022.htm

Mr. Stahl is an advisor to and supporter of the Friendship Circle, an organization for children with special needs.  See https://friendshipfl.org/about-us

On an annual basis, Mr. Stahl purchases and distributes $25,000 in Amex gift cards for charitable organizations and special needs schools.

In the aftermath of Hurricane Ian, this past September, Mr. Stahl organized and financed the delivery of several truckloads of food and supplies to the hardest hit areas in Florida.

### Charitable Contributions

Mr. Stahl continues to support many charitable, religious, and educational organizations including the Navy Seal Foundation, the Wounded Warrior Project, the Palm Beach School for Autism, the Park Aleph Institute, the Las Olas Chabad Jewish Center, Florida Atlantic University, Friends of Israel Defense Forces, and the Jewish National Fund.

### Legal Standard

Title 18, Section 3583(e) provides that a court may modify a term of supervised release if, after expiration of at least one year of supervision, "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The Judicial Conference on Criminal Law has elaborated on 18 U.S.C. § 3583(e)(1)'s statutory criteria and urged probation officers to consider nine factors when deciding whether to recommend early termination:



    (1) Stable community reintegration (e.g., residence, family, employment);

    (2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

    (3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

    (4) No history of violence;

    (5) No recent arrests or convictions;

    (6) No recent evidence of alcohol or drug abuse;

    (7) No recent psychiatric episodes;

    (8) No identifiable risk to the safety of any identifiable victim; and

    (9) No identifiable risk to public safety based on the Risk Prediction Index.

Monograph 109, Supervision of Federal Offenders § 380.10(b)(1)–(9*); see, e.g., United States v. Shellef*, No. 03-CR-0723, 2018 WL 3199249, at *2, n.1 (E.D.N.Y. Jan. 9, 2018); *United States v. Bastien*, 111 F. Supp. 3d 315, 322, n.5 (2015).

Courts impose supervised release for the primary purpose of easing "the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release[.]" *United States v. Johnson*, 529 U.S. 53, 59 (2000) (internal citation omitted). The Second Circuit has stated that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015). "A court's ability to terminate supervision early or modify conditions provides an opportunity to reevaluate the efficacy of a supervised release term throughout its duration. Termination is appropriate when the rehabilitative goals of supervised release may no longer be attained or can be attained at too great a cost to the defendant and society." *United States v. Thomas*, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018) (citing *Trotter*, 321 F. Supp. 3d at 364); *see also Johnson v. United States*, 529 U.S. 694, 709 (2000) ("Supervised release departed from the parole system it replaced by giving district courts the freedom to provide post- release supervision for those, and only those, who needed it.").

In determining the appropriate conditions of a defendant's supervised release, sentencing courts must consider, among other factors, "the nature and circumstances of the offense and the



history and characteristics of the defendant," and "the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." Id. (citing 18 U.S.C. § 3553(a) (internal quotation marks omitted)).

## Argument

Consideration of the 18 U.S.C. § 3553(a) factors as well as the factors suggested by the Judicial Conference, it is clear that termination of supervised release is appropriate. Mr. Stahl is clearly well integrated in his residence, family, community and employment. He has been in complete compliance with all conditions of his supervised release. The underlying offense had nothing to do with narcotics or violence. This case represents Mr. Stahl's only arrest and conviction. Mr. Stahl has never abused drugs or alcohol. He has never had psychiatric episodes. He poses no risk to the safety of any individual or to the public.

A review of the 18 U.S.C. § 3553(a) factors also leads to the conclusion that termination of supervised release is appropriate. The underlying offense pertains to tax liabilities for the years 2010 through 2014. Mr. Stahl has been completely compliant with all of his tax obligations since 2018. He has no outstanding restitution payments or fines. As documented here and in our sentencing memorandum, Mr. Stahl has a lifelong history of extraordinary generosity toward his family, his employees, and his community. He is a particularly strong supporter of veterans, first responders, education, autism and Israel. He does not pose a danger to any individual or to society. To the contrary, he is devoted to his community. He does not require post release educational or vocational training or medical care. The Court's sentence, which received attention in the press, sent a strong message to the public concerning the consequences of tax crimes.

Mr. Stahl has been under supervision by Pre-Trial Services, U.S. Probation, and the Bureau of Prisons since September 2018. There is no need for additional supervision and he does not need rehabilitation, education or training. He has fully paid all obligations arising out of his conviction. He does not need supervision to monitor psychiatric, alcohol or substance abuse issues. There is no point for U.S. Probation Service to continue to expend resources in its monitoring of Mr. Stahl.

For the foregoing reasons, it is respectfully requested that the Court terminate Mr. Stahl's



Honorable Ronnie Abrams<br>
May 3, 2023<br>
Page 6

term of supervised release.

Respectfully submitted,

*Patricia A. Pileggi*

Patricia A. Pileggi

cc: Assistant U.S. Attorney Olga Zverovich

    Probation Officer Tania Granston